UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :
JOSEPH O'REILLY,                                        :
                                                        :
                              Plaintiff,               :     **ECF CASE**
                                                        :
              -against-                                 :     2012 CIV. 7724 (NRB) (JLC)
                                                        :
CITY OF NEW YORK, POLICE OFFICER PAUL                  :     **COMPLAINT**
RIVERA (Tax Registry No. 940050; Shield No. 05644),    :     **and**
DETECTIVE BRIAN RISANO (Tax Registry No. 934111; :     **DEMAND FOR JURY**
Shield No. 4995), POLICE OFFICER JOHN DOE 1,           :     **TRIAL_____**
POLICE OFFICER JOHN DOE 2, POLICE OFFICER              :
JOHN DOE 3, POLICE OFFICER JOHN DOE 4,                 :
POLICE OFFICER JOHN DOE 5, POLICE OFFICER              :
JOHN DOE 6, DETECTIVE JOHN DOE 7, DETECTIVE            :
JOHN DOE 8, DETECTIVE JOHN DOE 9, DETECTIVE            :
JOHN DOE 10, DETECTIVE JOHN DOE 11,                    :
DETECTIVE JOHN DOE 12, SERGEANT JOHN DOE               :
13, SERGEANT JOHN DOE 14, and LIEUTENANT               :
JOHN DOE 15,                                            :
                                                        :
                              Defendants.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### COMPLAINT and DEMAND FOR JURY TRIAL
### (CIVIL RIGHTS)
### JURISDICTION

1.  This action is brought pursuant to 42 U.S.C. § 1983 to redress deprivations of

constitutional and civil rights committed under color of state law.  Jurisdiction is invoked under

28 U.S.C. §§ 1331 and 1343(a)(3) and (4).  Plaintiff also invokes the supplemental jurisdiction of

this Court.  28 U.S.C. § 1367.  This complaint is in compliance with Rule 20 of the Federal Rules

of Civil Procedure.  Fed. R. Civ. P. 20.

2.  Plaintiff demands jury trial on all issues and claims pursuant to Rule 38 of the

Federal Rules of Civil Procedure.

1

**VENUE**

3.   Venue is properly laid within the Southern District of the State of New York as the acts complained of by Plaintiff were committed by Defendants or occurred within said District or Defendants reside in said District.  28 U.S.C. § 1391.

**PARTIES**

4.   Plaintiff JOSEPH O'REILLY, a  male individual, at all times material hereto, was a citizen of the United States and resident of the City of New York and State of New York.

5.   Defendant CITY OF NEW YORK is a municipal corporation organized and existing under the laws of the State of New York, and a governmental subdivision thereof.

6.   The New York City Police Department is a departmental agency of Defendant CITY OF NEW YORK and, at all times material hereto, was the employer of Defendant POLICE OFFICER PAUL RIVERA (Tax Registry No. 940050; Shield No. 05644), Defendant DETECTIVE BRIAN RISANO (Tax Registry No. 934111; Shield No. 4995), Defendant POLICE OFFICER JOHN DOE 1, Defendant POLICE OFFICER JOHN DOE 2, Defendant POLICE OFFICER JOHN DOE 3, Defendant POLICE OFFICER JOHN DOE 4, Defendant POLICE OFFICER JOHN DOE 5, Defendant POLICE OFFICER JOHN DOE 6, Defendant DETECTIVE JOHN DOE 7, Defendant DETECTIVE JOHN DOE 8, Defendant DETECTIVE JOHN DOE 9, Defendant DETECTIVE JOHN DOE 10, Defendant DETECTIVE JOHN DOE 11, Defendant DETECTIVE JOHN DOE 12, Defendant SERGEANT JOHN DOE 13, Defendant SERGEANT JOHN DOE 14, and Defendant LIEUTENANT JOHN DOE 15, while employed by the New York City Police Department and acting within the scope of their employment.

7.   Defendant POLICE OFFICER PAUL RIVERA (Tax Registry No. 940050;

2

Shield No. 05644) [hereinafter "Rivera" or "RIVERA"], at all times material hereto, was a duly appointed police officer of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

8. Defendant DETECTIVE BRIAN RISANO (Tax Registry No. 934111; Shield No. 4995) [hereinafter "Risano" or "RISANO"], at all times material hereto, was a duly appointed detective of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

9. Defendants POLICE OFFICERS JOHN DOE 1 through 6, at all times material hereto, were duly appointed police officers of the New York City Police Department and were acting in their individual capacities and under color of state law and within the scope of their employment.

10. Defendants DETECTIVES JOHN DOE 7 through 12, at all times material hereto, were duly appointed detectives of the New York City Police Department and were acting in their individual capacities and under color of state law and within the scope of their employment.

11. Defendants SERGEANTS JOHN DOE 13 through 14, at all times material hereto, were duly appointed sergeants of the New York City Police Department and were acting in their individual capacities and under color of state law and within the scope of their employment.

12. Defendant LIEUTENANT JOHN DOE 15, at all times material hereto, was a duly appointed lieutenant of the New York City Police Department and was acting in his individual capacity and under color of state law and within the scope of his employment.

## FACTS UPON WHICH RELIEF IS CLAIMED

13.  On or about January 4, 2012, at approximately 11:00 a.m., on West 50th Street near 11th Avenue, in the County, City and State of New York, Defendants falsely arrested Plaintiff, placed handcuffs on Plaintiff, searched and strip searched Plaintiff repeatedly and treated Plaintiff abusively and roughly, causing him pain, humiliation and emotional distress and causing him to have grand mal seizures requiring medical treatment.

14.  On or about January 4, 2012, at approximately 11:00 a.m., on West 50th Street near 11th Avenue, in the County, City and State of New York, Plaintiff was minding his own business and lawfully driving his fiance's vehicle when he was stopped for no reason by one or more Defendants.

15.  At the aforesaid time and location, an unmarked police vehicle cut Plaintiff's vehicle off, abruptly stopping it, and one or more Defendants exited said police vehicle and at least two Defendants, dressed in plain clothes, pointed their guns at Plaintiff, including at Plaintiff's head.

16.  At the aforesaid time and location, at least two Defendants while pointing their guns at Plaintiff and at Plaintiff's head ordered Plaintiff to exit the vehicle he had been driving, cursing at Plaintiff and saying: "Get the fuck out of the car." and "Where's the shit?"

17.  When Plaintiff asked the aforesaid Defendants to explain to him what they meant, the aforesaid Defendants cursed at him again saying "Shut the fuck up" and handcuffed Plaintiff behind Plaintiff's back.

18.  One or more Defendants unjustifiably searched Plaintiff's clothing and body at least three times, including without limitation pulling his pants down to his ankles and strip

4

searching him, while in public view at the location of West 50th Street near 11th Avenue, County, City and State of New York, and found no contraband whatsoever.

19.  One or more Defendants searched the vehicle Plaintiff had been driving, and in searching said vehicle Defendants tore it apart, including without limitation ripping apart the dashboard and console, disturbing the seats and pulling out wires, and took Plaintiff's property from said vehicle and did not return it (*e.g.*, IPod, tools, etc.), and Defendants found no contraband whatsoever.

20.  On or about January 4, 2012, at approximately 12:00 p.m., one or more Defendants roughly and deliberately threw Plaintiff, who was handcuffed, into a police van and transported Plaintiff to the local police precinct.

21.  While at the police precinct, one or more Defendants placed Plaintiff in jail cells and searched Plaintiff again, including without limitation strip searching him again, even though Plaintiff asked Defendants not to because he suffers from seizures.  Defendants found no contraband whatsoever in Plaintiff's clothing or on or in Plaintiff's person.

22.  While at the police precinct, one or more Defendants claimed to have found two partial glassine envelopes inside the toilet in the jail cell in which Plaintiff had been placed. Defendants wrongfully, falsely and maliciously attributed said glassine envelopes to Plaintiff, and Plaintiff told Defendants that said glassine envelopes were not his.

23.  Defendant RISANO vouchered said glassine envelopes for testing by the New York City Police Department, Police Laboratory, Controlled Substance Analysis Section.  The Police Laboratory's controlled substance analysis of said glassine envelopes resulted in no finding of any controlled substance whatsoever.

24.  While in police custody, Plaintiff told Defendants that he has a seizure disorder and that he had medications with him to prevent seizures from occurring which medications he needed to take.  Defendants did not permit Plaintiff to take any of his medications prescribed for his seizure disorder.  Instead, Defendants laughed at Plaintiff, and said: "Don't worry about it, we will take care of it."

25.  While at the precinct, due to the abusive and stressful treatment which Plaintiff underwent at the hands of Defendants, due to being stopped, repeatedly searched and strip searched, wrongfully, falsely and maliciously accused of a crime and falsely arrested, and prevented from taking his regular prescribed medication, Plaintiff suffered a grand mal seizure.

26.  Because he had said seizure Plaintiff was taken to Bellevue Hospital and treated with medication.

27.  After receiving medical treatment at Bellevue Hospital, Plaintiff was transported back to the local precinct.

28.  Then, Plaintiff was transported from the local precinct back to Bellevue Hospital so that an extremely obese woman, to whom Plaintiff was handcuffed, could receive medical treatment for her apparent psychotic breakdown.  Plaintiff was handcuffed to this psychotic woman at Bellevue Hospital for approximately eight hours while she waited for and after she received medical treatment.

29.  During this eight-hour ordeal at Bellevue Hospital, Plaintiff told Defendants that he was not feeling well and that he was hungry and thirsty.  Defendants responded: "That's tough shit."

30.  Plaintiff eventually was transported, along with the said psychotic woman to

whom he was handcuffed, to Central Booking, 100 Centre Street, New York, New York.

31.  After being processed through Central Booking, Plaintiff was arraigned on January 5, 2012, at approximately 11:00 p.m., in Criminal Court, Arraignment Part, 100 Centre Street, New York, New York, on one misdemeanor charge related to the aforementioned two partial glassine envelopes which were not Plaintiff's and about which Plaintiff knew nothing. Plaintiff was not and has never been charged with any other criminal offense related to his January 4, 2012 stop and arrest by Defendants.  The arraignment Judge released Plaintiff on his own recognizance.

32.  With respect to Plaintiff's January 4, 2012 arrest, Defendants improperly, wrongly and falsely arrested Plaintiff for violations of the following Sections of the Penal Law of the State of New York: (1) 215.40(2) (tampering with physical evidence: conceal/destroy, a Class "E" Felony); and (2) 220.03 (criminal possession of a controlled substance in the seventh degree, a Class "A" Misdemeanor).

33.  On or about January 4, 2012, at approximately 11:00 a.m., on West 50th Street near 11th Avenue, in the County, City and State of New York, Defendants maliciously and falsely placed Plaintiff under arrest, without probable cause, for violations of the two aforementioned Sections of the Penal Law of the State of New York.

34.  On or about January 5, 2012, Defendants and particularly Defendant RIVERA, caused to be docketed in the Criminal Court of the City of New York, County of New York, a Criminal Court complaint, under Docket Number 2012NY001805, charging Plaintiff with a violation of the following Section of the Penal Law of the State of New York: (1) 220.03 (criminal possession of a controlled substance in the seventh degree, a Class "A" Misdemeanor).

35. Plaintiff's said Criminal Court complaint was dismissed in its entirety on or about March 5, 2012.

36. As a result of his January 4, 2012 false arrest and the resultant Criminal Court case regarding Docket Number 2012NY001805, Plaintiff appeared in the Criminal Court of the City of New York, without limitation, on or about January 5, 2012 and March 5, 2012.

37. As a result of his January 4, 2012 false arrest, Plaintiff spent time in the custody of Defendants, as well as in the custody of the New York City Police Department, the New York City Department of Correction and Bellevue Hospital.

38. As a result of his January 4, 2012 arrest, Plaintiff spent time handcuffed and/or in jail cells.

39. As a result of his January 4, 2012 arrest, Plaintiff spent approximately 36 hours in custody. Plaintiff suffered seizures, pain, discomfort, humiliation, fear and emotional distress during the time he was held in custody and thereafter, and continues to do so.

40. Precipitated by Defendants' January 4, 2012 false arrest, assaults and abusive treatment of Plaintiff, Plaintiff suffered at least one subsequent grand mal seizure, on or about January 7, 2012, and required medical treatment.

41. Plaintiff continues to receive medical treatment for seizures.

42. As a result of the January 4, 2012 false arrest and resultant Criminal Court prosecution, Plaintiff has been unable to engage in his usual activities.

43. During the course of his arrest and while in Defendants' custody, Defendants searched and strip searched Plaintiff and searched the vehicle Plaintiff was driving. When Plaintiff got the subject vehicle back his IPod, tools and other property which had been in said

8

vehicle were missing and were never returned to him.

44. On or about March 5, 2012, the sole docketed charge against Plaintiff with regard to his January 4, 2012 arrest for Docket Number 2012NY001805 was dismissed in the Criminal Court of the City of New York, New York County.

45. The sole docketed charge against Plaintiff with regard to his January 4, 2012 arrest for Docket Number 2012NY001805 was wholly resolved in his favor.

46. Defendants committed the above actions and engaged in the conduct described above with regard to Plaintiff's January 4, 2012 arrest for Docket Number 2012NY001805 for the common purpose of implementing the false and illegal arrest, malicious prosecution, unwarranted and illegal searches and assaults of Plaintiff in violation of his constitutional and civil rights, even though Plaintiff was not in violation of the aforementioned statutes or any other laws.

47. With regard to Plaintiff's January 4, 2012 arrest for Docket Number 2012NY001805, Defendants were without probable cause or justification to assault, search, arrest, charge or prosecute or to cause the assault, search, arrest, charging or prosecution of Plaintiff. Said Defendants are responsible for their acts and for the assaults, searches, arrest, charging and prosecution caused by them.

48. As a direct and proximate consequence of the matters alleged with regard to Plaintiff's arrest for Docket Number 2012NY001805, Plaintiff suffered loss of liberty, assaults, physical injuries and disabilities, physical pain and discomfort, emotional trauma, fear, anguish, humiliation, embarrassment and insult, loss of and damage to personal property and monetary expenses.

## COUNT I

### (VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS: ILLEGAL SEIZURE/FALSE ARREST)

49.  Plaintiff restates and realleges paragraphs 1 - 48 *in haec verba*.

50.  By the conduct alleged herein, Defendants deprived Plaintiff of his right to be free from unlawful seizure, arrest, search, detention, and imprisonment, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

51.  The conduct of Defendants, and each of them, deprived Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:  The right of Plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the right of Plaintiff to due process under the Fourteenth Amendment of the Constitution of the United States.

52.  Said acts or omissions, as alleged herein, were done by Defendants willfully, recklessly and oppressively without legal justification and for the purpose of depriving Plaintiff of his constitutional rights under the law.

53.  The conduct of all Defendants as described in paragraphs 1 - 52, *supra*, constituted violations of Plaintiff's civil and constitutional rights, and illegal seizure and false arrest.

54.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

    a.    Enter judgment for Plaintiff as and for compensatory damages in excess of $100,000.00.

    b.    Enter judgment for Plaintiff as and for punitive damages in excess of $100,000.00.

    c.    Enter judgment for attorneys fees and costs of this action.

    d.    Plaintiff demands trial by jury of all issues herein.

    e.    Grant such other relief that law and justice requires.

## COUNT II

### (VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS: MALICIOUS PROSECUTION)

55. Plaintiff restates and realleges paragraphs 1 - 54 *in haec verba.*

56. By the conduct alleged herein, Defendants deprived Plaintiff of his right to be free from unlawful seizure, arrest, search, detention, imprisonment, and malicious prosecution, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.

57. The conduct of Defendants, and each of them, deprived Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:  The right of Plaintiff to be secure in his person and effects against unreasonable search, seizure and malicious prosecution under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the right of Plaintiff to due process under the Fourteenth Amendment of the Constitution of the United States.

58. Said acts or omissions, as alleged herein, were done by Defendants willfully,

11

recklessly and oppressively without legal justification and for the purpose of depriving Plaintiff of his constitutional rights under the law.

59.  The conduct of all Defendants as described in paragraphs 1 - 58, *supra*, constituted violations of Plaintiff's civil and constitutional rights, illegal seizure and false arrest, and malicious prosecution.

60.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

a.   Enter judgment for Plaintiff as and for compensatory damages in excess of $100,000.00.

b.   Enter judgment for Plaintiff as and for punitive damages in excess of $100,000.00.

c.   Enter judgment for attorneys fees and costs of this action.

d.   Plaintiff demands trial by jury of all issues herein.

e.   Grant such other relief that law and justice requires.

## COUNT III

### (VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS: EXCESSIVE FORCE/ASSAULT)

61.  Plaintiff restates and realleges paragraphs 1 - 60 *in haec verba*.

62.  By the conduct alleged herein, Defendants deprived Plaintiff of his rights to be free from unlawful and excessive force and assault as secured by the Fourth and Fourteenth

Amendments to the United States Constitution.

63. The conduct of Defendants, and each of them, deprived Plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States: The right of Plaintiff to be secure in his person and effects against unreasonable search, seizure, and excessive force and assault under the Fourth and Fourteenth Amendments to the Constitution of the United States, and the right of Plaintiff to due process under the Fourteenth Amendment of the Constitution of the United States.

64. Said acts or omissions, as alleged herein, were done by Defendants willfully, recklessly and oppressively without legal justification and for the purpose of depriving Plaintiff of his constitutional rights under the law.

65. The conduct of all Defendants as described in paragraphs 1 - 64, *supra*, constituted violations of Plaintiff's civil and constitutional rights and the illegal use of excessive force and assault against Plaintiff.

66. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays this Court:

    a.    Enter judgment for Plaintiff as and for compensatory damages in excess of $100,000.00.

    b.    Enter judgment for Plaintiff as and for punitive damages in excess of $100,000.00.

    c.    Enter judgment for attorneys fees and costs of this action.

  d.  Plaintiff demands trial by jury of all issues herein.

  e.  Grant such other relief that law and justice requires.

### COUNT IV

(VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS:
POLICY, PRACTICE AND/OR CUSTOM)

67. Plaintiff restates and realleges paragraphs 1 - 66 *in haec verba*.

68. Each of the arrests and incidents of false arrest, false imprisonment, search, strip search, seizure, excessive force, assault/battery and malicious prosecution of Plaintiff was illegal and without authority of law.

69. The conduct of all Defendants as described in paragraphs 1 - 68, *supra*, was pursuant to a policy, practice, pattern, and/or custom of Defendant City of New York to illegally and unconstitutionally arrest, imprison, search, strip search, seize, use excessive force, assault/batter, maliciously prosecute and/or otherwise engage in unlawful conduct against individuals, in violation of the individual's rights under the Fourth and Fourteenth Amendments of the United States Constitution.  Said policy, practice, pattern, and/or custom is reflected not only in Defendants',  including without limitation Defendant Police Officer RIVERA's and Defendant Detective RISANO's, arrest, imprisonment, searches, strip searches, seizure, use of excessive force, assault/battery and malicious prosecution of Plaintiff but in the arrests, imprisonments, searches, strip searches, seizures, uses of excessive force, assaults/batteries and malicious prosecutions of other individuals by Defendants and other law enforcement personnel.

70. Defendant City of New York has acted with deliberate indifference to the constitutional and civil rights of Plaintiff and other individuals who come into contact with law

enforcement personnel.

71. Plaintiff was illegally, unreasonably and without justification arrested, imprisoned, searched, strip searched, assaulted/battered and maliciously prosecuted pursuant to a policy, practice, pattern and/or custom of Defendant City of New York to allow and fail to prevent police officers, detectives, sergeants and other law enforcement personnel from illegally, unreasonably and without justification assaulting/battering, falsely arresting, falsely imprisoning, searching, strip searching, abusing, humiliating and maliciously prosecuting individuals, without sanction, supervision or remedial training.

72. Defendant City of New York devised, implemented, adopted, enforced, encouraged, ratified and sanctioned policies, practices, patterns, and customs which directly and proximately caused Defendants to abuse and violate Plaintiff's constitutional and civil rights.

73. Defendant City of New York's policy, practice, pattern, and custom directly and proximately resulted in Defendants' abusing and violating Plaintiff's constitutional and civil rights.

74. Each of the Defendants has acted with deliberate indifference to the Fourth and Fourteenth Amendment rights of Plaintiff, and Plaintiff's Fourth and Fourteenth Amendment rights have been violated. By acting under color of state law to deprive Plaintiff of his rights under the Fourth and Fourteenth Amendments, Defendants are in violation of 42 § U.S.C. 1983, which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

75. The conduct of all Defendants as described in paragraphs 1 - 74, *supra*, constitutes violations by Defendants of Plaintiff's federal constitutional and civil rights.

WHEREFORE, Plaintiff prays this Court:

a.   Enter judgment for Plaintiff as and for compensatory damages in excess of $100,000.00.

b.   Enter judgment for attorneys fees and costs of this action.

c.   Plaintiff demands trial by jury of all issues herein.

d.   Grant such other relief that law and justice requires.

## COUNT V

### (VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS: NEGLIGENT HIRING, TRAINING AND SUPERVISION )

76.   Plaintiff restates and realleges paragraphs 1 - 75 *in haec verba*.

77.   Each of the arrests and incidents of false arrest, false imprisonment, search, strip search, seizure, excessive force, assault/battery and malicious prosecution of Plaintiff was illegal and without authority of law.

78.   The unlawful conduct of all Defendants as described in paragraphs 1 - 77, *supra*, was in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.  Said unlawful conduct is reflected not only in Defendants', including without limitation Defendant Police Officer RIVERA's and Defendant Detective RISANO's, arrest, imprisonment, searches, strip searches, seizure, use of excessive force, assault/battery and malicious prosecution of Plaintiff but in the arrests, imprisonments, searches, strip searches, seizures, uses of excessive force, assaults/batteries and malicious prosecutions of other individuals by Defendants and other law enforcement personnel.

79.   Defendant City of New York is guilty of negligent screening, hiring, training,

16

supervising, monitoring, disciplining, correcting, retention and employment of the individual

Defendants herein, including without limitation Defendant Police Officer RIVERA and

Defendant Detective RISANO, as well as other law enforcement personnel.

80.  Defendant City of New York has acted with deliberate indifference to the

constitutional and civil rights of Plaintiff and other individuals who come into contact with law

enforcement personnel.

81.  Plaintiff was illegally, unreasonably and without justification arrested,

imprisoned, searched, strip searched, assaulted/battered and maliciously prosecuted as a result of

Defendant City of New York negligently allowing and failing to prevent Defendants and other

police officers, detectives, sergeants and other law enforcement personnel from illegally,

unreasonably and without justification assaulting/battering, falsely arresting, falsely imprisoning,

searching, strip searching, abusing, humiliating and maliciously prosecuting individuals, without

sanction, supervision or remedial training.

82.  Defendant City of New York's negligent screening, hiring, training,

supervising, monitoring, disciplining, correcting, retention and employment of Defendants,

including without limitation Defendant Police Officer RIVERA and Defendant Detective

RISANO, directly and proximately caused Defendants to abuse and violate Plaintiff's

constitutional and civil rights.

83.  Each of the Defendants has acted with deliberate indifference to the Fourth

and Fourteenth Amendment rights of Plaintiff, and Plaintiff's Fourth and Fourteenth Amendment

rights have been violated.  By acting under color of state law to deprive Plaintiff of his rights

under the Fourth and Fourteenth Amendments, Defendants are in violation of 42 § U.S.C. 1983,

which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

84.  The conduct of all Defendants as described in paragraphs 1 - 83, *supra*, constitutes violations by Defendants of Plaintiff's federal constitutional and civil rights.

WHEREFORE, Plaintiff prays this Court:

   a.  Enter judgment for Plaintiff as and for compensatory damages in excess of $100,000.00.

   b.  Enter judgment for attorneys fees and costs of this action.

   c.  Plaintiff demands trial by jury of all issues herein.

   d.  Grant such other relief that law and justice requires.

## COUNT VI

### (VIOLATION OF NEW YORK STATE CONSTITUTION - SUPPLEMENTAL CLAIM)

85.  Plaintiff restates and realleges paragraphs 1 - 84 *in haec verba*.

86.  This action has been commenced within one year and ninety days after the causes of action of Plaintiff accrued.

87.  In connection with his January 4, 2012 arrest, Plaintiff served a Notice of Claim upon Defendant City of New York on March 30, 2012, which is within the statutory period of limitations of 90 days.

88.  Plaintiff testified at a hearing, pursuant to Section 50-H of the General Municipal Law of the State of New York, on May 14, 2012.

89.  Each of the instances of assaults, excessive force, searches, seizures, arrests,

prosecutions and other discriminatory treatment of Plaintiff were illegal and without authority of law.

90.  The conduct of all Defendants as described in paragraphs 1 - 89, *supra*, constituted violations of New York State constitutional law in that Defendants intentionally and deliberately interfered with Plaintiff's rights under Article 1 Section 12 of the Constitution of the State of New York guaranteeing Plaintiff the right to be secure in his person and property against unreasonable searches and seizures.

91.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

92.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

    a.    Enter judgment for Plaintiff as and for compensatory damages in excess of $100,000.00.

    b.    Enter judgment for Plaintiff as and for punitive damages in excess of $100,000.00.

    c.    Enter judgment for attorneys fees and costs of this action.

    d.    Plaintiff demands trial by jury of all issues herein.

    e.    Grant such other relief that law and justice requires.

## **COUNT VII**

(NEGLIGENCE - SUPPLEMENTAL CLAIM)

93.  Plaintiff restates and realleges paragraphs 1 - 92 *in haec verba.*

94.  This action has been commenced within one year and ninety days after the causes of action of Plaintiff accrued.

95.  In connection with his January 4, 2012 arrest, Plaintiff served a Notice of Claim upon Defendant City of New York on March 30, 2012, which is within the statutory period of limitations of 90 days.

96.  Plaintiff testified at a hearing, pursuant to Section 50-H of the General Municipal Law of the State of New York, on May 14, 2012.

97.  Each of the incidents regarding the negligence of Defendants were illegal and without authority of law.

98.  The conduct of all Defendants as described in paragraphs 1 - 97, *supra,* constituted negligence in that said Defendants breached their duties to safeguard Plaintiff's person and property while Plaintiff was in Defendants' custody, and to refrain from engaging in conduct which would be reasonably likely to cause injury and/or damage to Plaintiff's person and/or property, and by said breaches caused physical injuries to Plaintiff and the loss, damage and/or destruction of Plaintiff's personal property, and which said injuries, loss, damage and/or destruction were reasonably foreseeable by Defendants, all in violation of the laws of the State of New York.

99.  The conduct of all Defendants as described in paragraphs 1 - 98, *supra,* was malicious and wanton and constituted gross negligence, and was without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

20

100.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

    a.      Enter judgment for Plaintiff as and for compensatory damages.

    b.      Enter judgment for Plaintiff as and for punitive damages.

    c.      Enter judgment for attorneys fees and costs of this action.

    d.      Plaintiff demands trial by jury of all issues herein.

    e.      Grant such other relief that law and justice requires.

## COUNT VIII

### (CONVERSION - SUPPLEMENTAL CLAIM)

101.  Plaintiff restates and realleges paragraphs 1 - 100 *in haec verba*.

102.  This action has been commenced within one year and ninety days after the causes of action of Plaintiff accrued.

103.  In connection with his January 4, 2012 arrest, Plaintiff served a Notice of Claim upon Defendant City of New York on March 30, 2012, which is within the statutory period of limitations of 90 days.

104.  Plaintiff testified at a hearing, pursuant to Section 50-H of the General Municipal Law of the State of New York, on May 14, 2012.

105.  Each of the incidents regarding the conversion of property belonging to Plaintiff was illegal and without authority of law.

106.  The conduct of all Defendants as described in paragraphs 1 - 105, *supra,*

21

constituted conversion in that Defendants intentionally, deliberately and without legal justification took Plaintiff's property from Plaintiff and/or caused others to take Plaintiff's property and/or damaged and/or failed to return Plaintiff's property to Plaintiff, all in violation of the laws of the State of New York.

107.  The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

108.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

a.    Enter judgment for Plaintiff as and for compensatory damages.

b.    Enter judgment for Plaintiff as and for punitive damages.

c.    Enter judgment for attorneys fees and costs of this action.

d.    Plaintiff demands trial by jury of all issues herein.

e.    Grant such other relief that law and justice requires.

## COUNT IX

(ASSAULT/BATTERY - SUPPLEMENTAL CLAIM)

109.  Plaintiff restates and realleges paragraphs 1 - 108 *in haec verba*.

110.  This action has been commenced within one year and 90 days after the causes of action of Plaintiff accrued.

111.  In connection with his January 4, 2012 arrest, Plaintiff served a Notice of

Claim upon Defendant City of New York on March 30, 2012, which is within the statutory period of limitations of 90 days.

112. Plaintiff testified at a hearing, pursuant to Section 50-H of the General Municipal Law of the State of New York, on May 14, 2012.

113. The conduct of all Defendants as described in paragraphs 1 - 112, *supra*, constituted assaults and batteries of Plaintiff.

114. The assaults and batteries of Plaintiff were illegal and without authority of law.

115. The acts, conduct and behavior of Defendants, and each of them, were performed knowingly, intentionally, and maliciously, and without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

116. The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

a. Enter judgment for Plaintiff as and for compensatory damages in excess of $100,000.00.

b. Enter judgment for Plaintiff as and for punitive damages in excess of $100,000.00.

c. Enter judgment for attorneys fees and costs of this action.

d. Plaintiff demands trial by jury of all issues herein.

e. Grant such other relief that law and justice requires.

23

## COUNT X

(NEGLIGENT HIRING, TRAINING AND SUPERVISION - SUPPLEMENTAL CLAIM)

117.  Plaintiff restates and realleges paragraphs 1 - 116 *in haec verba*.

118.  This action has been commenced within one year and 90 days after the causes of action of Plaintiff accrued.

119.  In connection with his January 4, 2012 arrest, Plaintiff served a Notice of Claim upon Defendant City of New York on March 30, 2012, which is within the statutory period of limitations of 90 days.

120.  Plaintiff testified at a hearing, pursuant to Section 50-H of the General Municipal Law of the State of New York, on May 14, 2012.

121.  Each of the arrests and incidents of false arrest, false imprisonment, search, strip search, seizure, excessive force, assault/battery and malicious prosecution of Plaintiff was illegal and without authority of law.

122.  The conduct of all Defendants as described in paragraphs 1 - 121, *supra*, was pursuant to a policy, practice, pattern, and/or custom of Defendant City of New York to illegally and unconstitutionally arrest, imprison, search, strip search, seize, use excessive force, assault/batter, maliciously prosecute and/or otherwise engage in unlawful conduct against individuals, in violation of the individual's rights under the Fourth and Fourteenth Amendments of the United States Constitution and under Article 1 Section 12 of the Constitution of the State of New York.  Said policy, practice, pattern, and/or custom is reflected not only in Defendants' arrest, imprisonment, searches, strip searches, seizure, use of excessive force, assault/battery and malicious prosecution of Plaintiff but in the arrests, imprisonments, searches, strip searches,

24

seizures, uses of excessive force, assaults/batteries and malicious prosecutions of other individuals by Defendants and other law enforcement personnel.

123. Defendant City of New York is guilty of negligent screening, hiring, training, supervising, monitoring, disciplining, correcting, retention and employment of the individual Defendants herein, including without limitation Defendant Police Officer RIVERA and Defendant Detective RISANO, as well as other law enforcement personnel.

124. Defendant City of New York has acted with deliberate indifference to the constitutional and civil rights of Plaintiff and other individuals who come into contact with law enforcement personnel.

125. Plaintiff was illegally, unreasonably and without justification arrested, imprisoned, searched, strip searched, assaulted/battered and maliciously prosecuted pursuant to a policy, practice, pattern and/or custom of Defendant City of New York to allow and fail to prevent police officers, detectives, sergeants and other law enforcement personnel from illegally, unreasonably and without justification assaulting/battering, falsely arresting, falsely imprisoning, searching, strip searching, abusing, humiliating and maliciously prosecuting individuals, without sanction, supervision or remedial training.

126. Defendant City of New York's negligent screening, hiring, training, supervising, monitoring, disciplining, correcting, retention and employment of Defendants, including without limitation Defendant Police Officer RIVERA and Defendant Detective RISANO, directly and proximately caused Defendants to abuse and violate Plaintiff's constitutional and civil rights.

127. Defendant City of New York devised, implemented, adopted, enforced,

25

encouraged, ratified and sanctioned policies, practices, patterns, and customs which directly and proximately caused Defendants to abuse and violate Plaintiff's constitutional and civil rights.

128.  Defendant City of New York's policy, practice, pattern, and custom directly and proximately resulted in Defendants' abusing and violating Plaintiff's constitutional and civil rights.

129.  Each of the Defendants acted with deliberate indifference to Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution and under Article 1 Section 12 of the Constitution of the State of New York, and Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution and under Article 1 Section 12 of the Constitution of the State of New York have been violated.

130.  The conduct of all Defendants as described in paragraphs 1 - 129, *supra*, constituted violations by Defendants of Plaintiff's federal and state constitutional and civil rights.

131.  The conduct of all Defendants as described in paragraphs 1 - 130, *supra*, was malicious and wanton and constituted gross negligence, and was without reasonable excuse, by reason of which Plaintiff is entitled to an award of punitive damages.

132.  The amount of damages sought exceeds the jurisdictional limits of all lower New York State Courts which would otherwise have jurisdiction if this action had been brought in State Court.

WHEREFORE, Plaintiff prays this Court:

a.     Enter judgment for Plaintiff as and for compensatory damages in excess of $100,000.00.

b.     Enter judgment for Plaintiff as and for punitive damages in excess

of $100,000.00.

c.    Enter judgment for attorneys fees and costs of this action.

d.    Plaintiff demands trial by jury of all issues herein.

e.    Grant such other relief that law and justice requires.

## COUNT XI

(RESPONDEAT SUPERIOR CLAIM AGAINST DEFENDANT CITY OF NEW YORK
UNDER NEW YORK COMMON LAW - SUPPLEMENTAL CLAIM)

133.  Plaintiff restates and realleges paragraphs 1 - 132 *in haec verba*

134. The conduct of Defendants Police Officer Paul Rivera, Detective Brian
Risano, Police Officer John Doe 1, Police Officer John Doe 2, Police Officer John Doe 3, Police
Officer John Doe 4, Police Officer John Doe 5, Police Officer John Doe 6, Detective John Doe 7,
Detective John Doe 8, Defendant Detective John Doe 9, Detective John Doe 10, Detective John
Doe 11, Detective John Doe 12, Sergeant John Doe 13, Sergeant John Doe 14, and Lieutenant
John Doe 15 occurred while they were on duty, in and during the course and scope of their duties
and functions as New York City police officers, sergeants and lieutenants, and while they were
acting as agents and employees of Defendant City of New York.  As a result, Defendant City of
New York is liable to Plaintiffs under the doctrine of respondeat superior.

135.  The amount of damages sought exceeds the jurisdictional limits of all lower
New York State Courts which would otherwise have jurisdiction if this action had been brought
in State Court.

WHEREFORE, Plaintiff prays this Court:

a.    Enter judgment for Plaintiff as and for compensatory damages in

27

excess of $100,000.00.

b.    Enter judgment for Plaintiff as and for punitive damages in excess

of $100,000.00.

c.    Enter judgment for attorneys fees and costs of this action.

d.    Plaintiff demands trial by jury of all issues herein.

e.    Grant such other relief that law and justice requires.

## JURY TRIAL DEMANDED

Dated: Forest Hills, New York
      August 31, 2012

s/ James A. DeVito
JAMES A. DeVITO (JD0614)
Attorney for Plaintiff
72-38 113th Street
Forest Hills, New York 11375
(718) 263-6778
devitoesq@gmail.com

2012 CIV. 7724 (NRB)(JLC)

**ECF CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH O'REILLY,

Plaintiff,

-against-

CITY OF NEW YORK,
POLICE OFFICER PAUL RIVERA (Tax Registry No. 934111; Shield No. 05644),
DETECTIVE BRIAN RISANO (Tax Registry No. 934111; Shield No. 4995),
POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2,
POLICE OFFICER JOHN DOE 3,
POLICE OFFICER JOHN DOE 4,
POLICE OFFICER JOHN DOE 5,
POLICE OFFICER JOHN DOE 6,
DETECTIVE JOHN DOE 7,
DETECTIVE JOHN DOE 8,
DETECTIVE JOHN DOE 9,
DETECTIVE JOHN DOE 10,
DETECTIVE JOHN DOE 11,
DETECTIVE JOHN DOE 12,
SERGEANT JOHN DOE 13,
SERGEANT JOHN DOE 14,
and LIEUTENANT JOHN DOE 15,

Defendants.

---

**COMPLAINT and DEMAND FOR JURY TRIAL**

---

JAMES A. DeVITO (JD0614)
Attorney for Plaintiff
72-38 113th Street
Forest Hills, New York 11375
(718) 263-6778
devitoesq@gmail.com

Dated: Forest Hills, New York
August 31, 2012